UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN F. ROGERS,

    Plaintiff,

v.

LOW INCOME INVESTMENT FUND, AARON BASKIN, PAUL WETTERHOLM, ADINA ZBRINGER, JOHANNA VAQUEZ, SABRINA BAPTISTE, DANIEL A. NISSENBAUM, et al.,

    Defendants.

No. C 23-02756 WHA

**ORDER RE SETTLEMENT OFFER AND SEALING OF OFFER**

    Brian F. Rogers filed a complaint asserting that because of his race the Low Income Investment Fund did not hire him (Dkt. No. 48). The Fund and named employees from the time answered his allegations (Dkt. No. 51, 52). At a hearing last month, Rogers summarized that his case rests not on overt acts of racism but on two factual assertions: His qualifications surpassed those of the candidate hired, and his race was not well-represented in the Fund's San Francisco office (Aug. 18, 2024 Tr. 45:45–46:30). Defendants summarized one prong of their case in turn: Sabrina Baptiste, the named defendant in San Francisco who sent Rogers the email rejecting him (Compl. ¶ 54), is of the same race as Rogers (*id.* at 47:20–47:40). That assertion was news to Rogers (*id.* at 47:40–48:00), who earlier said he had not read all documents defendants sent (*id.* at 7:30–8:15), and had not met and conferred (*see id.* at 53:30).

    The hearing concluded with Rogers recounting that, although a *pro se* litigant, he has already brought "probably more than two" cases in state and federal courts (*id.* at 58:15–50). Brian F. Rogers has brought the following claims in this district — with the following results:

- Job discrimination claims, dismissed in favor of bank: *Brian F. Rogers v. Bank of America Corp.*, No. 99-cv-05146-MJJ, Dkt. No. 65 (N.D. Cal. Apr. 13, 2001) (Judge Martin J. Jenkins);

- Job discrimination claims, dismissed in favor of consultancy: *Brian F. Rogers v. Robert Half Int'l Inc.*, No. 17-cv-03777-PJH, Dkt. No. 31 (N.D. Cal. July 18, 2019) (Judge Phyllis J. Hamilton);

- Job discrimination claims, summarily adjudged in favor of bank: *Brian F. Rogers v. Fed. Home Loan Bank of S.F.*, No. 19-cv-01978-SI, Dkt. No. 53 (N.D. Cal. May 26, 2020) (Judge Susan Illston), *appeal dismissed*, No. 20-16110 (9th Cir. Oct. 8, 2020).

Still another job discrimination claim now pends in *Brian F. Rogers v. City of San Francisco*, No. 23-cv-04997-JCS (N.D. Cal.) (Judge Joseph C. Spero). And Rogers has brought job discrimination claims in other district courts and in state courts. *See Fed. Home Loan Bank of S.F.*, No. 19-cv-01978-SI, Dkt. No. 29 (N.D. Cal. Nov. 25, 2019) (Judge Susan Illston).

Now, in this case, Rogers files with the Court a settlement offer addressed to defendants that purports to know their ability to pay to resolve this claim using only their insurance policies (Dkt. No. 60). There are two issues with this filing that merit immediate response:

*First*, Rogers asserts that the settlement offer is confidential (Dkt. No. 60). Not so — or not yet. Rogers failed to submit an administrative motion to seal the offer (*see ibid.*). Instead, he filed it publicly. Because Rogers proceeds *pro se* and the filing could implicate third-party interests, the district court hereby relaxes the requirement that a motion to seal concerning this filing must be made "at the same time" as filing, *see* Civil L.R. 79-5(b). With this accommodation, any party wishing to seal must file an administrative motion to seal the settlement offer (Dkt. No. 60) **BY SEPTEMBER 9, 2024.** Any sworn declarations respecting that motion to seal also may be filed then, but must be filed **BY SEPTEMBER 13, 2024.**

Any such motion and sworn statements must list each part of the settlement offer and its attachments that the party proposes to be redacted, including for any redactions now present. Civil L.R. 79-5(c). For each passage it lists, the party seeking redaction or sealing must state: (1) the legitimate private or public interests that warrant redaction; (2) the injury that will result should redaction be denied; and (3) why another remedy or less redaction won't work. *Ibid.* Failure to follow rules, or unreasonable requests, risks rejection in toto. *See id.* at (f)(6), (g)(2).

These requirements uphold a public-courts tenet that ensures current cases are conducted properly and can inform future parties facing conflict: Documents affecting the outcome of an action, like the filing here (Dkt. No. 60), are open to the public, unless compelling reasons

show otherwise. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098, 1101–02 (9th Cir.), *cert. denied*, 580 U.S. 815 (2016). As for settlement offers:

> [I]t's difficult to imagine what arguments or evidence parties wanting to conceal the amount or other terms of their settlement (apart from terms that would reveal trade secrets or seriously compromise personal or institutional privacy or national security) could present to rebut the presumption of public access.

*Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013) (Judge Richard A. Posner). Parties seeking to seal this settlement offer must propose narrowly tailored, compellingly supported redactions — assuming such rationales can be found.

*Second*, Rogers's letter states that it is being "submitted to the Court and Judge Alsup as proof that we attempted to settle this mater" (Dkt. No. 60 at 1). Recall that Rogers is the plaintiff, and that the Fund and other defendants answered his complaint without counterclaims (Dkt. Nos. 51, 52). Thus, an offer of judgment that limits one side's liability should the other side decline the offer is a tool available to defendants, not to plaintiff. FRCP 68. And should parties wish to dismiss the action short of final judgment, *all* parties who appeared will need to agree. FRCP 41(a)(1)(A)(ii). Plaintiff lost the chance to dismiss alone. *Id.* at (i). Plaintiff was entitled to bring his claims, and under the rules defendants are now entitled to press their defenses to the finish, if they wish, and to seek orders for relief they can show is proper in turn.

Once again, any party wishing to seal the settlement offer (Dkt. No. 60) must submit an administrative motion to seal **BY SEPTEMBER 9, 2024.** And the same party or any other party supporting (or opposing) the motion must then submit a declaration **BY SEPTEMBER 13, 2024.**

**IT IS SO ORDERED.**

Dated: September 6, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE