UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN F. ROGERS,

    Plaintiff,

    v.

LOW INCOME INVESTMENT FUND, AARON BASKIN, PAUL WETTERHOLM, ADINA ZBRINGER, JOHANNA VAQUEZ, SABRINA BAPTISTE, DANIEL A. NISSENBAUM,

    Defendants.

No. C 23-02756 WHA

**ORDER DENYING REQUEST FOR EXTENDED DISCOVERY**

    In this action alleging discriminatory hiring, plaintiff Brian F. Rogers seeks relief from the case management scheduling order (*see* Dkt. No. 64).

    In January 2024, the district judge ordered a discovery cut-off of September 27, 2024 (Dkt. No. 42 ¶ 4). In July, defendants emailed to find a time to depose Rogers (Dkt. No. 55-1 ¶ 29). Rogers did not respond (*ibid.*). Finally, in August, the district judge specifically ordered Rogers to sit for a deposition (Dkt. No. 59 at 2). Based on the emails filed by Rogers, only after Rogers sat for his deposition in September did he then seek depositions from the other side (*see* Dkt. No. 64-5 at 1). But Rogers's last-minute efforts were also incomplete. Attached emails evidence that defendants more than once replied seeking to confirm the specific dates he wanted them to sit for depositions (*see* Dkt. No. 64-6). Then, with less than one week's notice, he requested that three depositions be held on just one day the following week, choosing the day that defendants had already told him was unavailable for one of them (*see* Dkt. No. 64-4). Now, citing his diligence and a nationwide shortage of certified shorthand reporters, Rogers seeks leave for an extension to take these three depositions (Dkt. No. 64).

Rogers's own account entirely undermines his assertion of diligence. Rogers asserts that he "has made a diligent effort to secure the scheduling of a deposition since the end of August 2024" (Dkt. No. 64 ¶ 2). Nothing stopped Rogers from diligently seeking depositions the other seven months of discovery. Rogers next asserts that he "discovered that 3 weeks are needed to secure in-person scheduling of depositions due to shortage and over demand of CSR service work" (Dkt. No. 64 ¶ 8). But putting those two asserted facts together, and even accounting for his own preference to sit for his deposition before deposing others (and to receive his deposition transcript before deposing others), he should have been able to schedule defendants' depositions during the weeks commencing September 16 and September 23, a period for which defendants provided and held open multiple days of availability (*supra*).

As for prejudice to the other side, and again accepting Rogers's assertion that he needs three weeks lead-time, accommodating his demand will risk delay in the dispositive motion deadline, now four weeks away, and thereby also trial.

Notably, Rogers does not rely on his status as a pro se litigant to seek leave for an extension. Rogers is an experienced litigator in federal and state courts. *See Rogers v. Fed. Home Loan Bank of S.F.*, No. 19-cv-01978-SI, Dkt. No. 29 (N.D. Cal. Nov. 25, 2019) (Judge Susan Illston) (chronicling). Indeed, he is concurrently litigating a similar complaint he filed in this district three months after the complaint at bar. *See Rogers v. City of San Francisco*, No. 23-cv-04997-JCS (N.D. Cal.) (Judge Joseph C. Spero).

"A schedule may be modified" under Rule 16(b)(4) where "scheduling deadlines cannot be met despite [the requesting] party's diligence." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If th[e requesting] party was not diligent, the inquiry should end." *Ibid.* Rogers's failure to prosecute his claims is no reason to postpone proceedings to resolve his claims. Rogers's motion to extend discovery is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 27, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2